[Civ. No. 6784. Second Appellate District, Division One.—April 9, 1930.]

ROBERT A. MORTON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Rohe & Freston for Petitioner.

Lawler & Degnan for Respondents.

YORK, J.—Petitioner commenced an action in the Superior Court of Los Angeles County against the Walter M. Murphy Motors Company and several of its employees, to recover damages for a false imprisonment, and for malicious prosecution occurring during a period of time thereafter but arising out of the same set of circumstances upon which the false imprisonment was based. The action was tried upon the issue of false imprisonment only.

Upon conclusion of the trial of said cause, verdict was rendered by the jury in favor of plaintiff (petitioner here) as against the defendant Walter M. Murphy Motors Company only, for the sum of five thousand dollars, and said verdict also found in favor of the employees of defendant corporation, who were the only other defendants.

Thereafter, the corporation moved for a new trial. This motion was made upon the grounds of excessive damages, insufficiency of evidence and that the verdict was against law. Said motion was granted on all of the grounds stated. The trial court then refused to set said cause down for trial, basing its refusal on the ground that, by reason of the verdict exonerating the employees, the employer was discharged from liability. The question raised by said ruling is whether, when an employee or employees are sued with an employer for acts as alleged in this action, and a judgment is rendered against the employer, and the employees included in the verdict are all exonerated by such verdict, and when thereafter a new trial is granted on motion of the employer, may the court then refuse to try the case for the reason that necessarily the result of the trial must be favorable to the defendant? We think that it is the plain duty of the court to proceed in accordance with the order granting a new trial. It may not arbitrarily be assumed that the evidence to be produced at the second trial will be identical with the evidence received during the first trial.

Let the peremptory writ issue.

Conrey, P. J., and Houser, J., concurred.